

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Otto F. Moore
County Attorney
Colorado County
Columbus, Texas

Dear Sir:

Opinion No. 0-4762
Re: (1) Can a sheriff or state
highway partolman legally
search an automobile sus-
pected of having violated
a State Game Law without
having a valid search war-
rant? (2) Can a sheriff
or a state highway patrol-
man legally search an auto-
mobile suspected of having
stolen livestock without
having a valid search war-
rant?

Your request for an opinion on the above matters
has been received and carefully considered. We quote from
your request as follows:

"In Colorado County, there seems to be many
violations of the State Game Laws and theft of
livestock. To help combat the situation the
Sheriff of this county and the State Highway
Patrolmen are eager to do all they can to help
the situation but want to stay strictly within
the bounds of the law. I have advised them as
hereinafter stated, however we all would appre-
ciate a ruling from the Attorney General's Depart-
ment on the following questions:

"1. Can a Sheriff or State Highway Patrol-
man legally search an automobile suspected of
having violated a State Game Law without having

Honorable Otto P. Moore, Page 2

a valid search warrant?

"2. Can a Sheriff or a State Highway Patrol-
man legally search an automobile suspected of hav-
ing stolen livestock without having a valid search
warrant?

"In the Constitution of the State of Texas,
Art. 1, section 9, we find a guarantee to a citizen
against unreasonable seizures and searches of his
person and his property, without a valid search
warrant.

"In Art. 304 to 332 inclusive, of the Code
of Criminal Procedure, we find the search war-
rant and its application rather fully set out
and explained.

"Art. 923d of the Penal Code of Texas gives
the Commissioners and their deputies of the Game,
Fish and Oyster Commission authority to search
an automobile which they have reason to suspect
of having game illegally killed. So far, I can
find no law giving the Sheriff or the State High-
way Patrolman this right, Neither can I find any
law giving either of them a right to search an
automobile which he suspects of possessing stolen
livestock except through the regular channels of
the search warrant.

"There may be some cases applicable to the
same which I have been unable to find. We will
appreciate a ruling on the same and any advice
thereon."

Article I, Section 9, of the Constitution of Texas,
provides as follows:

"The people shall be secure in their persons,
houses, papers and possessions, from all unreason-
able seizures or searches, and no warrant to search
any place, or to seize any person or thing, shall
issue without describing them as near as may be,
nor without probable cause, supported by oath or
affirmation."

Article I, Section 10, of the Constitution of Texas,
provides in part that in all criminal prosecutions the accused

Honorable Otto F. Moore, Page 3

"shall not be compelled to give evidence against himself. . . ."

Article 727-a of the Code of Criminal Procedure of Texas contains the following provisions:

"No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

Articles 304 to 332, inclusive, of the Code of Criminal Procedure of Texas, contain the rules of law regulating the issuance and execution of search warrants. It is provided in Article 305 thereof that a search warrant may be issued:

"1. To discover property acquired by theft or in any other manner which makes its acquisition a penal offense.

". . .

"5. To seize and bring before a magistrate any such property, implements, arms and munitions."

Other provisions of said search law are as follows:

"Art. 306. A warrant to search for and seize stolen property is designed as a means of obtaining possession of the property for the purpose of restoring it to the true owner, and detecting any person guilty of stealing or concealing it."

"Art. 307. The word 'stolen' as used in this title, is intended to embrace also the acquisition of property by any means made penal by the law of the State."

"Art. 308. When it is alleged that the property was acquired other than by theft, the particular manner of its acquisition must be set forth in the complaint and in the warrant."

Honorable Otto F. Moore, Page 4

"Art. 309. The mode of proceeding, direct-
ed to be pursued in applying for a warrant to
search for and seize stolen property, and the
rules prescribed for officers in issuing such
warrants and executing the same, the disposition
of the property seized, and all other rules herein
prescribed on the subject, shall apply and be
pursued, when the property to be searched for was
acquired in any manner in violation of any provi-
sion of the Penal Code."

There are several Articles of the Penal Code of
Texas that make violations of the Game Laws such penal of-
fenses as would come within the provisions of Section 1 of
Article 305 of the Code of Criminal Procedure above referred
to, in that property was acquired in some other manner than
theft which makes its acquisition a penal offense, among
said articles being the following:

Article 873 of the Penal Code makes it a viola-
tion of the law for any person to kill or take more than
the daily, weekly or seasonal bag-limit set forth in said
law; or any person killing, taking, hunting, wounding, or
shooting at any game bird or game animal at any other time
of the year, except during the open season as provided for
in said chapter; or any person killing, taking, capturing,
wounding or shooting at any game bird or game animal for
which no open season is provided by said law.

Article 874 of said Penal Code makes it unlawful
for any person in this State to kill, catch, wound, take,
shoot at, or have in possession, living or dead, any wild
bird other than a game bird.

Article 876 of said Code makes it unlawful for any
person to have in possession at any one time more than forty-
five wild doves, or thirty-six wild quail, or thirty-six wild
Mexican pheasants or chachalaca; or to have in possession at
any one time more than fifty waterfowl, shorebirds, and other
game birds, all kinds and varieties being considered in making
up the one total of fifty; provided that said provisions shall
not apply to transportation companies which have the same in
their possession for the purpose of transportation.

Article 877 of said Code provides that it shall be
unlawful for any person to take, kill, wound, shoot at, hunt
or possess, dead or alive, any wild turkey hens at any season
of the year except as hereinafter provided.

Other Articles of said Penal Code which contain provisions similar to those above referred to are 879a-4, 881, 881-a, 881-b, 910, and 923-qa-6.

Article 897 of the Penal Code of Texas contains the following provisions:

". . .

"The Game, Fish and Oyster Commissioner, or any of his deputies shall have the right to search the game bag or any other receptacle of any kind whenever such Game, Fish and Oyster Commissioner or his deputy has reason to suspect that such game bag, or other receptacle or any buggy, wagon, automobile, or other vehicle may contain game unlawfully killed or taken, and any person who refuses to permit the searching of the same, or who refused to stop such vehicle when requested to do so by the Game, Fish and Oyster Commissioner, or his deputy, shall be fined not less than ten ($10.00) nor more than one hundred ($100.00) dollars."

Articles 905, 906 and 907 of said Penal Code are as follows:

"Art. 905. The Game, Fish and Oyster Commissioner and his deputies shall have the same power and authority as sheriffs to serve criminal processes in connection with cases growing out of the violations of this chapter, shall have the same power as sheriffs to require aid in executing such process, and shall be entitled to receive the same fees as are provided by law for sheriffs in misdemeanor cases.

"Said Commissioner or any of his deputies may arrest without a warrant any person found by them in the act of violating any of the laws for the protection and propagation of game, wild birds or fish, and take such person forthwith before a magistrate having jurisdiction. Such arrests may be made on Sunday, and in which case the person arrested shall be taken before a magistrate having jurisdiction, and proceeded against as soon as may be, on a week day following the arrest."

Honorable Otto T. Moore, Page 6

"Art. 906.  It is hereby made a special
duty of the Game, Fish and Oyster Commissioner
to enforce the statutes of this State for the
protection and preservation of wild game and wild
birds; and to bring, or cause to be brought, ac-
tions and proceedings in the name of the State
of Texas, to recover any and all fines and pen-
elties provided for in the laws now in force,
or which may hereafter be enacted, relating to
wild game and wild birds.  Said Game, Fish and
Oyster Commissioner may make complaint and cause
proceedings to be commenced against any person
for violating any of the laws for the protec-
tion and propagation of game or birds without
the sanction of the county attorney of the county
in which such proceedings are commenced; and
in such cases he shall not be required to fur-
nish security for costs."

"Art. 907.  The possession of any wild game
bird, wild fowl, or wild game animal mentioned
in this chapter, whether dead or alive, during
the time when killing or taking is prohibited
shall be prima facie evidence of the guilt of
the person in possession during the time when
killing or taking is prohibited by law; provided,
however, that it shall not be unlawful to ship
or bring any wild game birds, wild fowl, or wild
game animals from the Republic of Mexico into
this State at any season; provided, that the party
bringing the same into this State shall procure
from the Game, Fish and Oyster Commissioner, or
from one of his deputies, a permit to bring same
into the State, and shall procure from the United
States custom officer at the port of entry a
statement showing that such game was brought from
the Republic of Mexico; and provided, further,
that such party comply with the provisions of
this Act regulating the shipment and sale of such
wild game birds, wild fowls, or game animals."

The provisions of the statutes fully authorize the
Game, Fish and Oyster Commissioner (now the Game, Fish and
Oyster Commission, Article 978f of the Penal Code of Texas)
to search automobiles when such Commissioner, or his deputy,
has reason to suspect that such automobile contains game
unlawfully killed or taken.  A member of the Texas Highway

Patrol is clothed with all the powers and authority given by law to members of the Texas Ranger Force (Article 4413 (12), Section 4, of the Revised Civil Statutes of Texas), which are the same as the powers and authority given to all peace officers (Article 4413(11), Section 4,); but no authority is given to sheriffs, or other peace officers, to search automobiles suspected of containing game taken, killed or possessed in violation of a State Game Law without having a valid search warrant. Besides, it would seem from the fact that such specific authority has been given to those whose special duty it is to enforce the game laws and not given to sheriffs and other peace officers that it was not the intention of the Legislature that sheriffs and other peace officers should have such authority. It is the opinion of this department, therefore, that a sheriff or State highway patrolman cannot legally search an automobile suspected of containing game taken, killed or possessed in violation of a State Game Law without having a valid search warrant.

As to the second question asked by you, the situation is different, in that, while the same provisions of the Code of Criminal Procedure of Texas above referred to, (Articles 304-332 of the Code of Criminal Procedure of Texas) governs as to the issuance and execution of search warrants and, generally speaking, an automobile when suspected of having stolen livestock therein cannot be searched without the party searching same having a valid search warrant, yet there are some situations under which a search of such automobile could be legally made without a search warrant.

Articles 212, 213 and 215 of the Code of Criminal Procedure of Texas are as follows:

"Article 212. A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an 'offense against the public peace.'"

"Art. 213. A peace officer may arrest, without warrant, when a felony or breach of the peace has been committed in the presence or within the view of a magistrate, and such magistrate verbally orders the arrest of the offender."

"Article 215. Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

Articles 1441 and 1442 of the Penal Code of Texas are as follows:

"Whoever shall steal any cattle or hog shall be confined in the penitentiary not less than two (2) nor more than ten (10) years."

"Whoever shall steal any sheep or goat shall be confined in the penitentiary not less than two (2) nor more than ten (10) years."

It will be noted that the whole purpose of the laws authorizing the issuance and execution of search warrants is to secure evidence with which to convict one guilty of violating the law. Therefore, unless evidence secured without the issuance and execution of a search warrant can be used in evidence, same would be useless. It has been held many times that, if an officer has a legal right to arrest a person without a warrant of arrest, any evidence secured by him thereafter by search without a search warrant would be admissible in evidence against said party on trial for violation of some criminal law. This rule is laid down in 38 Tex. Jur., Sec. 51, pp. 74-76, in the following language:

The right of search and seizure which is incident to a lawful arrest is not confined to the person of the prisoner, but extends to the place where the arrest was made and to personal possessions, premises or surroundings under his immediate control. For example, an automobile in defendant's possession at the time of his arrest may be searched without a warrant where he was arrested for driving the car while intoxicated, or because he was driving his car without proper lights on the public highway, or because an occupant in the car had thrown therefrom a vessel containing whiskey, or because the defendant had advised the officer that there was liquor



in the car. In like manner, where the officers saw the defendant leave an automobile with a sack in which they heard bottles clinking, they have witnessed the commission of a felony and may lawfully search the sack after arresting the accused. Where it was shown that, at the time of the arrest, there was whiskey on the ground in such close proximity to the car as justified the arrest, it was held that no search was required to determine that there was liquor, and the constitutional guaranty of unreasonable search was not involved. Nor was any search required where the officers saw the accused leave a box containing whiskey in a toilet which did not belong to him."

This rule was followed in a case of Sandoval v. State, 293 S. W. 168, which involved objections to the admission of testimony on the ground that same had been secured through use of an illegal search, the facts and the holding of the Court of Criminal Appeals thereon being as follows:

"We find three bills of exception. Each of them relates to the objection to the testimony of the officers upon the ground that the information conveyed was inadmissible under the statute excluding testimony acquired through an illegal search. See Article 727a, C. C. P.

"As we understand the record, the appellant stopped his automobile at a point near some boarding cars in which some Mexican railway hands were living. One Williams was with the appellant, and both got out of the car. The sheriff and his deputy had gone to the point for the purpose of watching them. They observed the appellant and the Mexicans around the automobile and also going back and forth to the boarding cars, making a good many trips. The appellant and Williams were seen to leave the car, Williams having a sack and the appellant 8 bottles in his pockets, some of which were exposed to view and some of which were in his hands. He was arrested, and the bottles were found to contain whiskey.

"A felony, committed in the presence and view of an officer, justifies the arrest of the offender without a warrant. Articles 212, 215, C. C. F. 1925; Hodges v. State, 6 Tex. App. 620, and other cases collated in Branch's Ann. Tex. P. C. | 1979; Crippen v. State, 80 Tex. Cr. R. 293, 189 S. W. 496. It is not to be understood that an arrest may be made on mere suspicion. Article I, | 9 of the Constitution inhibits this. See Lacy v. State, 7 Tex. App. 411; Odenthal v. State (Tex. Cr. App.) 290 S. W. 743.

"In the present case, there seems to have been more than a mere suspicion. There was probable cause to warrant the belief by the officers that the bottles contained whiskey or intoxicating liquor. They apparently were warranted under the facts in making the arrest upon the ground that an offense had been committed in their presence. Having made a legal arrest, they were privileged to search. See Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145; Samino v. State, 83 Tex. Cr. R. 481, 204 S. W. 233; Harper v. State, 84 Tex. Cr. R. 345, 207 S. W. 96; Jones v. State, 85 Tex. Cr. R. 538, 214 S. W. 322. In our judgment, the facts in the present case do not bring it within the purview of article 727a, supra. See Battle v. State, 105 Tex. Cr. R. 568, 290 S. W. 762.

"The judgment is affirmed."

A similar holding was made in the case of Cothran v. State, 129 S. W. (2d) 300, which involved the admission of evidence against one charged with violation of the liquor laws and which said evidence was secured by a search of an automobile without a search warrant, and the Court of Criminal Appeals held as follows:

"Appellant, by bill of exception number one, complains of the admission of testimony by the officers relative to what they discovered as a result of a search of appellant's car without a search warrant. His objection thereto was that the arrest was without a warrant and the search of his automobile illegal; that consequently the evidence discovered as a result of the search was inadmissible under Art.

Honorable Otto P. Moore, Page 11

727a, C.C.P., Vernon's Ann. C.C.P. art. 727a.
Under Art. 666-30, Vernon's Ann. P. C. officers
have a lawful right to make an arrest for a
violation of the liquor law and to search on
probable cause. If the officers had probable
cause to make the arrest, then the evidence
discovered as a result of the contemporaneous
search was admissible."

Article 325 of the Code of Criminal Procedure
of Texas is as follows:

"All persons have a right to prevent the
consequences of theft by seizing any personal
property which has been stolen, and bringing
it, with the supposed offender, if he can be
taken, before a magistrate for examination, or
delivering the same to a peace officer for that
purpose. To justify such seizure, there must,
however, be reasonable ground to suppose the
property to be stolen, and the seizure must be
openly made and the proceedings had without de-
lay."

4 Tex. Jur. Sec. 10, pp. 756-757, reads in part
as follows:

"No warrant is required under the provi-
sions of this statute. The enactment is not
controlled nor repealed either expressly or
impliedly by the terms of the search and seizure
law penalizing search without a warrant and pro-
hibiting the use of evidence thus illegally se-
cured. The provision is of course applicable
to a situation where property is being openly
stolen,--as was decided in a case where animals
were attempted to be stolen in open defiance
of the owner. The authority of the statute may
be invoked also where the circumstances afford
reasonable grounds for suspecting that property
is being stolen. The evidence should, it appears,
be sufficient to show that there was, as required
by the statute, reasonable ground to suppose
that the property was stolen. It was held to
be not only the right but the duty of an officer
to arrest a person upon being informed that one
fitting his description was in possession of

720

goods stolen recently. Private individuals making an arrest under the statute are de facto officers, and have the same rights as an officer de jure. It is not required that the person apprehended was in possession of the property. Even where it turns out that the apprehended party was not in fact guilty, the arrest is shown to have been authorized if the circumstances afforded reasonable grounds for suspicion. . ."

In the case of Hepworth v. State, 12 S. W. (2d) 1018, the following holding was made upon the facts stated, to-wit:

"Appellant, with two lady companions, visited the Marizon Store in Amarillo on October 12, 1927, at about 11 o'clock a.m. They departed, and shortly after their departure dresses belonging to the store were missed. The next morning Officer Miller had reported to him that a man fitting the description of appellant was on the streets of Amarillo with a bunch of goods, and that he was carrying a parcel under his arm supposed to be the dresses stolen the day before. Finding appellant on the street, Officer Miller placed him in custody without either a warrant of arrest or search warrant, and found in his possession five dresses belonging to the Marizon Store and clearly identified as their property.

"The chief contention of appellant relied on for reversal is the reception of this officer's evidence regarding what was found in possession of appellant. Claim is made that, the arrest being illegal, the evidence obtained by reason of same was inadmissible and its reception in evidence inhibited by the terms of our recently enacted search and seizure statute. The trial court admitted the evidence upon the mistaken theory that the officer had been informed by a credible person that a felony had been committed and that the offender was about to escape. Under the terms of article 215, C.C.P., this authorized an arrest without a

Honorable Otto F. Moore, Page 13

warrant, if the predicate therein stated was present. All of appellant's propositions revolve around this mistaken theory, and relate chiefly to the insufficiency of the evidence to support any such conclusion. Both the trial court and counsel for appellant have apparently overlooked article 325, C. C. P., reading as follows: 'All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay.'

" Under the express terms of this statute it was the right, as well as the duty, of the officer to arrest appellant and recover the stolen goods. The legal right to arrest generally carries with it the right to make a search without a search warrant. Levine v. State, 109 Tex. Cr. R. 331, 4 S. W. (2d) 553, and authorities there cited. Article 325, supra, recently received construction by the Supreme Court of this state in the case of Henderson v. U.S.F.&G. Co., 298 S. W. 404. This authority contains the following language: 'By virtue of article 325, all persons have a right to prevent the consequences of theft, not only by seizing the property which has been stolen, but by arresting the offender. Moreover, in attempting to do these things authorized by this article, persons so acting would not be guilty of false imprisonment, should there be reasonable ground to suppose the property stolen, and the party taken to be the offender, notwithstanding it should thereafter transpire that the property was not stolen, and that the person taken was not a thief.' "

Honorable Otto F. Moore, Page 14

Article 1444a reads as follows:

"Any person who is the driver of any truck, automobile or other vehicle containing any livestock or domestic fowl which is upon or being driven upon any land of which said driver is not owner, lessee, renter or tenant, or which is upon or being driven upon any highway, public street or thoroughfare, who fails to have in his possession and exhibit to any person or peace officer upon demand a written permit authorizing said movement, signed by the owner or caretaker of said livestock or domestic fowl or from the owner or person in control of the land from which said driver began said movement shall be fined not less than Twenty-five ($25.00) Dollars nor more than Two Hundred ($200.00) Dollars for each head of livestock and each domestic fowl in said movement, unless said driver upon demand of said person or peace officer makes, signs and delivers to said person or peace officer a written statement containing all the information herein required to be included in permits. Said driver shall be fined not less than Twenty-five ($25.00) Dollars nor more than Two Hundred ($200.00) Dollars for each head of livestock and each domestic fowl in said movement which is not covered by all the following information: Name of place of origin, including name of ranch or other place; point of destination including name of ranch, market center, packing house or other place; number of livestock or fowls with the description thereof, including kind, breed, color, and also marks and brands if there be any. Failure or refusal of such driver to exhibit to a person or peace officer said permit or to make said statement, shall constitute probable cause for any person or peace officer to search said truck or vehicle to ascertain if it contains any stolen livestock or stolen domestic fowls and to detain said movement a reasonable length of time to ascertain whether any stolen livestock or stolen fowls are contained therein. Any driver who has in his possession any false of forged permit or who makes any false written statement shall be

fined not less than Two Hundred ($200.00) Dollars nor more than Five Hundred ($500.00) Dollars or he shall be imprisoned in the county jail not less than sixty (60) days nor more than six (6) months, or he shall be punished by both such fine and imprisonment. It is provided that the provisions of this Act shall also apply to slaughtered livestock and fowls and butchered portions thereof."

Following the rules of law laid down above, it is the opinion of this department that a sheriff, or a state highway patrolman, would have the legal right to search an automobile suspected of having stolen livestock therein without having a valid search warrant when authorized to do so under the provisions of Article 1444a of the Penal Code; or when such officers would have the legal right to arrest the party or parties in charge of such automobile without a warrant of arrest as authorized by Articles 212, 213, 215 and 325 of the Code of Criminal Procedure, or by Article 803 of the Penal Code, or by any other statute authorizing an arrest to be made with or without a warrant, and said search would follow after and as an incident of said arrest; or when such party or parties consent to such search.

APPROVED SEP 18, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

J&B:LM

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     Jas. W. Bassett
         Jas. W. Bassett
         Assistant



APPROVED OPINION COMMITTEE BY ___ CHAIRMAN